FILED
SUPERIOR COURT
OF GUAM

2020 MAR -5 PM 4:47

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM ) | Criminal Case No. CF0421-15 |
| ) | |
| vs. ) | |
| ) | |
| MARK ANTHONY TORRE, JR., ) | **DECISION AND ORDER** |
| ) | **(Motion to Dismiss with Prejudice)** |
| Defendant. ) | |
| ) | |
| ) | |

## INTRODUCTION

This matter is before the Honorable Judge Arthur R. Barcinas on Defendant Mark A. Torre, Jr.'s ("Torre") Motion to Dismiss with Prejudice. Torre is represented by Attorney Joaquin C. Arriola, Jr. The People of Guam ("People") are represented by Assistant Attorney General J. Basil O'Mallan III. Having reviewed the record and the arguments presented, the Court now issues the following Decision and Order **DENYING** Torre's Motion.

## BACKGROUND

1. On July 24, 2015, a grand jury returned an Indictment charging Torre with the following: (1) Murder (as a First Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; (2) Manslaughter (as a First Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; (3) Aggravated Assault (as a

Second Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; and (4) Aggravated Assault (as a Third Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony.

2. This matter went to jury trial on January 31, 2017, presided over by the Honorable Michael J. Bordallo. The jury returned its verdicts on March 2, 2017. Torre was acquitted of Murder (as a First Degree Felony), Manslaughter (as a First Degree Felony), and Aggravated Assault (as a Second Degree Felony), together with all Special Allegations attached to those counts. Torre was convicted of Negligent Homicide (as a Third Degree Felony) (as a lesser included offense of Manslaughter), with Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony, and Aggravated Assault (as a Third Degree Felony), with Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony.

3. Torre subsequently appealed his convictions and on July 31, 2019, the Supreme Court of Guam issued *People v. Torre*, 2019 Guam 9. In its opinion, the Supreme Court held that the trial court had improperly admitted certain testimonial evidence, thereby violating Torre's Fifth Amendment privilege against self-incrimination. The Supreme Court therefore vacated the Judgment of Conviction and remanded the matter to the Superior Court.

4. On September 26, 2019, the trial Court granted the People's Motion to Amend Indictment.

5. On October 1, 2019, prior to the filing of the People's Amended Indictment, Torre asserted his right to a speedy trial pursuant to 8 GCA § 80.60.

6. On October 4, 2019, the People filed their Amended Indictment charging Torre with Negligent Homicide (As a Third Degree Felony) and Aggravated Assault (As a Third Degree Felony). Both charges included a Special Allegation of Use or Possession of a Deadly Weapon in the Commission of a Felony.

7. On October 8, 2019, Torre was arraigned.

8. On October 8, 2019, Torre filed a Motion to Dismiss Amended Indictment. The parties fully briefed the matter and the Court heard oral arguments on October 31, 2019, after which Judge Bordallo took the Motion under advisement. The Motion remained under advisement until November 25, 2019, when Judge Bordallo issued a Decision and Order denying Torre's Motion to Dismiss Amended Indictment.

9. On December 31, 2019, Torre filed a Motion *in limine* to Exclude Prior Testimony. On January 6, 2020, Torre filed a Motion *in limine* to Exclude Bodycam Video or Portions Thereof. The parties presented oral arguments for both motions on January 14, 2020, after which the Court took both motions under advisement.

10. On or about January 8, 2020, Judge Bordallo issued a memorandum to the Presiding Judge of the Superior Court of Guam informing the Presiding Judge that he intended to resign from the Superior Court in order to accept a position with the federal District Court of Guam. In said memo, Judge Bordallo indicated that he was available to work with the assigned judge on the matter until the date of his departure, which at that point was unknown. He additionally indicated that there were pending motions, filed by Torre, to exclude certain evidence which still needed to be briefed by the parties.

11. The following day, January 9, 2020, Judge Bordallo called a chamber conference to inform the parties that he intended to resign from the Superior Court bench. Judge

Bordallo also informed the parties that the case would be reassigned, but that he would preside over the case until the reassignment occurred. Finally, Judge Bordallo informed the parties that he intended to decide the motions *in limine* and to complete jury selection.

12. On January 10, 2020, the Court called a panel of 168 potential jurors to fill out jury questionnaires. The Court swore in the jurors and gave them instructions to not discuss the matter with other jurors, to answer every question on the questionnaire, and to avoid news and social media until the Court excused them. The Court ordered jury selection to be continued to January 14, 2020, to give the parties time to review the questionnaire responses from January 10, 2020.

13. On January 14, 2020, the Court called a second panel of potential jurors to fill out jury questionnaires. The Court swore in the jurors and provided the same instructions it gave to the first panel. After the potential jurors left the courtroom, the parties orally argued the two pending motions *in limine*. At the conclusion of the hearing, the Court ordered jury selection to be continued until January 17, 2020, in order to give the parties an opportunity to review the questionnaire responses from January 14, 2020.

14. On January 17, 2020, pursuant to stipulation of the parties based on the questionnaire responses, the Court began to excuse potential jurors for cause and to conduct oral voir dire on the remaining potential jurors. Voir dire continued on January 21, 2020, and January 22, 2020. By the end of January 22, 2020, the Court and the parties agreed to 48 potential jurors as available to serve as the venire from which the final jury will be selected.

15. On January 22, 2020, the Clerk of Court for the Superior Court of Guam issued a Notice of Judge Assignment, reassigning this case to the Honorable Elyze M. Iriarte. On that same day, Judge Iriarte issued a Notice Regarding Disqualification. In her Notice, Judge Iriarte stated that she is related within the third degree to Joseph B. McDonald, the former Chief Prosecutor at the Office of the Attorney General of Guam. Joseph B. McDonald previously entered an appearance in the prosecution of this case. Judge Iriarte therefore indicated that she was potentially disqualified pursuant to 7 GCA § 6105 and the Supreme Court of Guam's decision in *People v. Santos*, 2018 Guam 12, and would not take the case absent a waiver from all parties.

16. On January 23, 2020, Torre filed a Response to the Court's Notice Regarding Disqualification, stating that he would not waive the grounds for disqualification. Later that day, the Clerk of Court issued a Notice of Judge Assignment, reassigning this case to the Honorable Anita A. Sukola. However, later that day, Judge Sukola filed a Form One Disqualification indicating that she was acquainted with two of the People's witnesses. Finally, on that same day, the Clerk of Court issued another Notice of Judge Assignment, reassigning this case to the Honorable Arthur R. Barcinas.

17. On January 27, 2020, the Clerk of Court issued a Notice of Hearing setting a Status Hearing for this case on February 4, 2020.

18. On February 4, 2020, shortly before the scheduled Status Hearing commenced, Torre filed his Motion to Dismiss with Prejudice asserting a violation of 8 GCA 80.60 *et seq.* ("the Guam Speedy Trial Act"). Counsel for Torre contemporaneously filed a Declaration in Support of the Motion, which included a complete docket calendar of

each Superior Court Judge between the dates of January 24, 2020, and February 3, 2020.

19. On February 7, 2020, Judge Bordallo issued his final Decision and Order in the matter, Re: Torre's Motion to Exclude Prior Testimony. This Decision and Order came twenty-four (24) days after Judge Bordallo took Torre's Motion under advisement. The Decision and Order adjudicated the last pending motion that Judge Bordallo took under advisement before the matter was transferred to this Court.

20. On February 13, 2020, Torre served a subpoena *duces tecum* on the Administrator of the Superior Court of Guam, commanding the Custodian of Records to appear on February 21, 2020, to testify regarding the calendars of all trial court Judges of the Superior Court of Guam and matters regarding the reassignment of this case. Torre sought this evidence in order to provide factual support for his Motion to Dismiss.

21. On February 20, 2020, the Superior Court of Guam filed a Motion to Quash Subpoena *Duces Tecum.*

22. On February 21, 2020, the Court was scheduled to hear oral arguments on Torre's Motion to Dismiss with Prejudice. Due to the Motion to Quash being filed the previous day, the Court declined to hear arguments on the Motion to Dismiss and instead heard arguments relating to the Motion to Quash, ultimately ruling that briefing was needed on the issue. The Court set an expedited briefing schedule and scheduled oral arguments on the Motion to Quash for February 28, 2020.

23. On February 28, 2020, the Court held oral arguments on the Motion to Quash. At the hearing, Torre asked the Court to take Judicial Notice of each Superior Court Judge's complete docket calendar between the dates of February 4, 2020, and February 20,

2020, as well as Administrative Rule No. 18-001, Regarding Amended Trial Court Case Assignment Procedures. The Court took judicial notice of both documents.

<b><u>DISCUSSION</u></b>

Under Guam law, the court shall dismiss a criminal action if the trial of a defendant who is not in custody has not commenced within sixty (60) days after his arraignment. 8 G.C.A § 80.60(a)(3). Torre was arraigned on October 8, 2019, and it is undisputed that Torre's trial did not begin within sixty (60) days of that date. However, Guam law also provides that a criminal action shall not be dismissed where "good cause is shown for failure to commence the trial within the prescribed period." 8 G.C.A. § 80.60(b)(3).

**A.    General principles of "good cause" to delay trial.**

The Supreme Court of Guam has explained that "what constitutes good cause for the delay of a criminal trial is a matter that lies within the discretion of the trial court." *Nicholson v. Superior Court*, 2007 Guam 9 ¶ 13 (citing *People v. Ibanez*, DCA 91-0001A, 1992 WL97221 at * 2 (D. Guam App. Div. Apr. 16, 1992)). To determine what constitutes good cause for delaying trial, Guam courts look to "certain general principles." *People v. Flores*, 2009 Guam 22 ¶ 32 (citing *People v. Johnson*, 606 P.2d 738, 746 (Cal. 1980)). Good cause exists when a delay is "caused by the conduct of the defendant" or is "for the defendant's benefit." *Flores*, 2009 Guam 22 ¶ 32. Likewise, "delay arising from unforeseen circumstances" may also be a basis for finding "good cause" to delay the trial. *Id.* "Delay attributable to the fault of the prosecution or improper court administration, however, does not constitute good cause." *Id.*

Additionally, "unreasonable delay in run-of-the-mill criminal cases cannot be justified by simply asserting that the public resources provided by the State's criminal-justice system are limited and that each case must await its turn." *Barker v. Wingo*, 407 U.S. 514, 538 (1972)

(White, J., concurring). In *People v. Johnson*, the Supreme Court of California also specifically questioned "those decisions which assume that court congestion . . . necessarily constitute[s] good cause to deny dismissal." *Johnson*, 606 P.2d at 746. Thus, "calendar conflict on the part of . . . the trial court cannot routinely serve to justify denial of a motion to dismiss when trial is postponed beyond the statutory period." *Id.* at 749. Court congestion will constitute good cause only when the congestion is "attributable to exceptional circumstances." *Id.* at 747.

Finally, "[w]hether there is good cause for delay depends on the facts and the circumstances of each case." *Quinata v. Superior Court of Guam*, 2010 Guam 8 ¶ 36 (citing *Nicholson*, 2007 Guam 9 ¶ 13). Applying *Nicholson*, the Supreme Court of Guam held that good cause for delay in an asserted criminal matter must be apparent on the face of the record. *Quinata*, 2010 Guam 8 ¶ 37 (citing *Nicholson*, 2007 Guam 9 ¶ 28). In ruling on this Motion, the Court is guided by these Supreme Court of Guam decisions, and must endeavor to trace the record during the relevant time periods argued by Torre to determine whether or not there was good cause for delay in bringing the case to trial, given this matter's particular circumstances. That endeavor guides the analysis in this Decision and Order.

### B.     When trial commences for speedy trial purposes.

The Court must first determine when trial has "commenced" under 8 G.C.A § 80.60(a)(3). Neither Section 80.60 nor any other Guam statute provides a clear answer to the question of when a trial begins for speedy trial purposes. The Supreme Court of Guam has also not directly answered the question. However, federal courts have held that for purposes of the federal Speedy Trial Act and federal constitutional speedy-trial claims, a trial begins with the commencement of voir dire. *See, e.g., United States v. Andrews*, 790 F.2d 803, 807-08 (2d. Cir. 1986); *United States v. Howell*, 719 F.2d 1258, 1262 (5th Cir. 1983); *United States v. Young*,

657 F.3d 408, 416-17 (6th Cir. 2011); *United States v. Gonzalez*, 671 F.2d 441, 443-44 (11th Cir. 1982). These decisions derive from the United States Supreme Court's holding that "[w]here the indictment is for a felony, the trial commences at least from the time when the work of empaneling the jury begins." *Gomez v. United States,* 490 U.S. 858, 873 (1989) (citing *Lewis v. United States*, 146 U.S. 370, 374 (1892)).

Section 80.60 derives from California Penal Code section 1382 ("California Speedy Trial Act"). *Nicholson,* 2007 Guam 9 ¶ 26. Several California appellate courts have held that for purposes of the California Speedy Trial Act, trial begins at the jury selection phase. *People v. Amati*, 63 Cal. App. 3d Supp. 10, 12 (Cal. App. 1976) ("[We hold] that the swearing of a panel of prospective jurors constitutes bringing a case to trial within the 45-day provisions of [the California Speedy Trial Act] so long as the panel is sworn in as a good faith start to the jury selection process"); *see also Sanchez v. Municipal Court*, 97 Cal. App. 3d 806, 813 ("where, as here, the record objectively shows . . . a panel of prospective jurors is summoned and sworn, the trial process has commenced and defendant has been 'brought to trial' as that term is used in [the California Speedy Trial Act]").

Applying these principles to the case at hand, the Court notes that the voir dire process of the instant case commenced on January 10, 2020, when the first panel of 168 potential jurors were called in to fill out jury questionnaires. However, the general rule that trial begins with the voir dire process is not applicable if a trial court begins the voir dire process simply to avoid a speedy trial violation.

**1. The Court did not begin voir dire solely to "pay lip service" to the Guam Speedy Trial Act.**

In *Gonzalez,* the United States Court of Appeals for the Eleventh Circuit cautioned that the use of voir dire as the starting point for commencing trial should not be abused:

We caution that our decision not be viewed as a license to evade the [federal Speedy Trial] Act's spirit by commencing voir dire within the prescribed time limits and then taking a prolonged recess before the jury is sworn and testimony is begun. The district courts must adhere to both the letter and the spirit of the Act, and we will not hesitate to find that a trial has not actually 'commenced' within the requisite time if we perceive an intent to merely pay the Act lip service.

*Gonzalez*, 671 F.2d at 444; *see also Rhinehart v. Municipal Court,* 35 Cal. 3d 772, 780 (Cal. 1984) ("The trial judge indicated that the jury was impaneled solely to avoid a dismissal under [the California Speedy Trial Act].").

In the case at hand, there is no indication that Judge Bordallo commenced voir dire as a way to circumvent the Guam Speedy Trial Act. As opposed to beginning the process and then immediately taking a planned and prolonged recess, Judge Bordallo began voir dire and diligently continued the process until the Clerk of Court reassigned the case. The Court called the first panels of jurors on January 10, 2020. The Court provided the parties with time to review the completed questionnaires and stipulate to the dismissal of certain jurors. On January 14, 2020, the Court called an additional 160 jurors and asked them to fill out questionnaires. On January 17, 2020, the Court continued jury selection and began oral voir dire of the jurors, which continued on January 21, 2020. At that point, there was still an outstanding motion in the matter, Torre's Motion to Exclude Prior Testimony. Torre argues that the Court unreasonably delayed the progression of this matter. However, discussed in detail below, a series of uncommon circumstances led to any delay in the matter after January 21, 2020. Taking all of these uncommon circumstances together, the Court finds that the record indicates a good cause for delay, pursuant to *Nicholson*.

### i. Delay due to disqualification of judges.

First, Judge Bordallo's appointment as a judge of the District Court was an uncommon circumstance which caused a delay. Torre argues that Judge Bordallo notified the Superior

Court of his impending resignation on January 8, 2020, and that the Superior Court took no action to reassign the case until January 22, 2020. Importantly, the Court notes that while reassignment may not have begun, Judge Bordallo continued to select the jury during this period.

On January 22, 2020, the Clerk of Court reassigned this case to Judge Iriarte. On that same day, Judge Iriarte issued a Notice Regarding Disqualification which stated that she is related within the third degree to the former Chief Prosecutor, who had previously entered an appearance in the prosecution of this case. Judge Iriarte therefore indicated that she was potentially disqualified from this matter. On January 23, 2020, Torre indicated that he would not waive the grounds for disqualification. Later that day, the Clerk of Court issued a Notice of Judge Assignment, reassigning this case to the Judge Sukola. However, Judge Sukola filed a Form One Disqualification indicating that she was acquainted with two of the People's witnesses. Finally, on that same day, the Clerk of Court issued another Notice of Judge Assignment, reassigning this case to Judge Barcinas.

Additionally, Judge Bordallo did not immediately end his involvement in the matter after the case was officially reassigned. At the time of the final judge assignment, Judge Bordallo had Torre's recent Motion to Exclude Prior Testimony under advisement. Judge Bordallo issued his Decision and Order on Torre's Motion on February 7, 2020, twenty-four (24) days after he took the Motion under advisement. As he indicated in his January 7, 2020 memo regarding his upcoming retirement, Judge Bordallo remained actively involved in this matter to ensure a smooth transition and judicial efficiency given the unexpected circumstances. Thus, despite the disqualification of multiple judges due to conflicts of interest,

there was still a Superior Court Judge working on this matter at all relevant times argued by Torre.

### ii. Delay due to the Pacific Judicial Council Conference in Saipan.

Torre correctly notes that from January 24, 2020, through February 3, 2020, jury selection stalled and the Court did not hold any hearings. An examination of the factual record reveals that the Superior Court acted with diligence in reassigning the case during this period but was hampered by unforeseen circumstances.

Upon the Court reassigning the case to Judge Barcinas, an additional delay of twelve (12) days occurred because Judge Barcinas was off-island at the time due to his attendance at the Pacific Judicial Conference in Saipan. Torre argues that several non-disqualified judges were available to preside over this case but were also attending the conference in Saipan.

"Much as continuing education for judges is a desideratum, we must conclude that the trial court erred in favoring those benefits by denying the rights of these defendants to be tried within the time limits specified by [California's Speedy Trial Act]." *Lewis v. Superior Court*, 122 Cal. App. 3d 494, 498 (Ct. App. 1981). In holding that the trial court erred in failing to dismiss the actions under the California Speedy Trial Act, the *Lewis* court held that the judges' attendance at a conference was not an "exceptional circumstance" which justified a finding of good cause for the delay. *Id.* at 499. The court reasoned that while continuing education for judges is necessary and desirable, it should not take precedence over an accused's right to a speedy trial. *Id.* at 498-99.

However, the facts of *Lewis* are dissimilar to the facts at hand. The *Lewis* court noted that the trial court at issue was a court of 37 judges and the judicial conference was "within minutes" of the trial courthouse. *Lewis*, 122 Cal. App. 3d 494, 498-499. First, the Superior

Court of Guam consists of only seven judges. At the time the case was reassigned to Judge Barcinas, one judge had announced his resignation and two others had been disqualified, bringing the number of possible judges down to four, including Judge Barcinas. Second, the Pacific Judicial Conference was not "within minutes" of the Superior Court of Guam, but was instead on another island which can only be reached via airplane.

Torre asserts in his Motion that between the dates of January 22, 2020, and February 3, 2020, the Superior Court held no criminal jury trial proceedings, asserted or otherwise. However, Torre in the same argument acknowledges that almost no judges were on island during the relevant period. Only Judge Bordallo and the Honorable Vernon P. Perez were on Guam during the entirety of the Pacific Judicial Council Conference in Saipan. The five other judges were not available to hold hearings due to the Conference. Finally, highlighted earlier, movement in this matter did not stop during Torre's relevant time period. Between January 22, 2020, and February 3, 2020, Judge Bordallo still had Torre's Motion to Exclude Prior Testimony under advisement. He issued the Decision and Order on February 7, 2020, well within the time allotted by the Local Rules of the Superior Court of Guam and the thirty day decision period recommended by federal case law. *See United States v. Rodriguez*, 63 F.3d 1159, 1163 (1st Cir. 1995).

### *iii. Delay due to the high number of disqualified potential jurors.*

Third, the delay is partially due to the fact that jury selection in this case has been more difficult and time consuming than a usual case due to its high publicity, which necessitated a jury questionnaire being used to disqualify potential jurors in a more efficient manner. These considerations have caused the jury selection process to take a considerably longer period of

time than the average jury selection. This lengthy process is unavoidable and necessary. It cannot be attributed to the fault of the Court, the People, or Torre.

### iv. Delay due to Torre filing his Motion to Dismiss.

Finally, on February 4, 2020, Torre filed a Motion to Dismiss with Prejudice, alleging a violation of his right to a speedy trial. On February 17, 2020, the People filed their Opposition, and on February 19, 2020, Torre filed his Reply. While the Court had originally scheduled a motion hearing for February 21, 2020, the Court continued oral arguments due to the Superior Court of Guam moving to quash Torre's subpoena – an issue which the Court needed to resolve prior to its determination of the Motion to Dismiss. The Court determined that the Motion to Quash required briefing and thus ordered an expedited briefing schedule and held a motion hearing one week later, on February 28, 2020.

Reviewing the factors which led to the delay in empaneling the jury of this case, it is evident that Judge Bordallo did not begin the voir dire process on January 10, 2020, solely to "pay lip service" to the Speedy Trial Act. Torre does not point to anything in the record indicating that Judge Bordallo empaneled the jury solely to avoid a speedy trial clock violation. Judge Bordallo began selecting a jury with the intent of either seeing the trial to its conclusion or transferring the case to another judge. The transfer process was not seamless. However, the recess in the jury selection process did not occur due to misconduct or mismanagement by the Court or the People, but instead was the result of good-faith judicial disqualifications, several judges engaging in off-island training, a high number of juror exclusions, and Torre filing his Motion to Dismiss. It is apparent that Judge Bordallo began the voir dire process on January 10, 2020, with the intent to keep the trial process moving. Therefore, the Court determines that this date is the trial commencement date for purposes of the Guam Speedy Trial Act.

**C. Good cause to delay trial due to the resolution of motions.**

Torre's trial commenced on January 10, 2020, which is more sixty days after his arraignment on October 8, 2019. As explained above, Guam law provides that a criminal action shall not be dismissed where "good cause is shown for failure to commence the trial within the prescribed period." 8 G.C.A. § 80.60(b)(3). Good cause exists where a delay is "caused by the conduct of the defendant" or is "for the defendant's benefit." *Flores*, 2009 Guam 22 ¶ 32. The Supreme Court of Guam has held that the period during which non-frivolous motions are pending is excluded from the speedy trial clock calculation. *People v. Carver*, 1998 Guam 23 ¶¶ 12-16. The Supreme Court of Guam has found good cause to exist where the defendant filed a motion and "the court with promptness and diligence considered the motion." *Quinata v. Superior Court of Guam (People)*, 2010 Guam 8 ¶ 35 (citations omitted).

Unlike the federal Speedy Trial Act, the Guam Speedy Trial Act does not specify how long the speedy trial clock tolls once a court takes a motion under advisement. There is no Guam Supreme Court precedent which guides the Court on this narrow issue. *See Nicholson*, 2007 Guam ¶¶ 26-28. The Supreme Court of Guam has held that a trial court acted diligently in issuing a decision nine days after a motion was filed (*Carver*, 1998 Guam 23 ¶ 15) and that a trial court did *not* act diligently in issuing a decision nine months after a motion was filed (*Nicholson*, 2007 Guam ¶ 23). In discussing the District Court's decision in *Ibanez*, the Supreme Court of Guam held that "the exclusion of fourteen days for the first motion and thirty-two days for the second motion was a reasonable delay." *Nicholson*, 2007 Guam ¶ 27. Because the Guam Speedy Trial Act and the Supreme Court of Guam cases interpreting it provide limited guidance on the question of how many days the Court can reasonably take to

resolve a motion, the Court will consider the federal Speedy Trial Act's thirty-day timeframe in determining whether the Court promptly and diligently considered Torre's Motion to Dismiss.

The federal Speedy Trial Act provides for the exclusion of up to thirty days after the court takes a pretrial motion under advisement. 18 U.S.C.A. § 3161(h)(1)(H). The speedy-trial clock under the federal Speedy Trial Act automatically stops when a defendant files any type of pretrial motion, including a motion to dismiss for a Speedy Trial Act violation. *United States v. Stewart*, 729 F.3d 517 (6th Cir. 2013). Normally this means that the court must decide the motion within thirty days after a hearing on that motion. *United States v. Rodriguez*, 63 F.3d 1159, 1163 (1st Cir. 1995).

First, the Court must determine the date on which the tolling period begins. In *Henderson v. United States*, the United States Supreme Court held that for purposes of the federal Speedy Trial Act, "all time between the filing of a motion and the conclusion of the hearing on that motion" should be excluded from the speedy trial clock, whether or not the delay was "reasonably necessary." *Henderson v. United States*, 476 U.S. 321, 330 (1986). However, the Court differentiated between motions that require a hearing—in which case, all time is excluded, whether "reasonably necessary" or not—and motions that were decided solely on the basis of paper submissions to the trial court. *Id.* at 328-30.

### 1. Torre's first Motion to Dismiss

Torre filed his Motion to Dismiss Amended Indictment on October 8, 2019. Torre did not file a motion to shorten time, did not ask for an expedited briefing schedule, and requested oral arguments. The People filed their Opposition on October 21, 2019, and Torre filed his Reply on October 29, 2019. The Court then heard oral arguments on October 31, 2019, and took the matter under advisement. The Court issued its Decision and Order on November 25,

2019, which is forty-eight (48) days after the filing of Torre's Motion and twenty-four (24) days after the Court took the matter under advisement. This is well within the thirty day tolling period applied in the federal courts. The Decision and Order is ten pages long and addresses two related but independent constitutional issues, both of which required the Court to engage in complex analysis of case law from other jurisdictions.

Torre asserts that the speedy clock trial did not toll during any of the (48) forty-eight day period. This analysis runs afoul of the Supreme Court's case law interpreting the federal Speedy Trial Act, which holds that the speedy trial clock tolls from the date of a motion being filed until the date that the Court reaches a decision in a timely manner. The Court therefore holds that the speedy trial clock was delayed for the entirety of the period between October 8, 2019, and November 25, 2019.

### 2. Torre's Motions *in Limine*

On December 31, 2019, Torre filed a Motion *in limine* to Exclude Prior Testimony. On January 6, 2020, Torre filed a Motion *in limine* to Exclude Bodycam Video or Portions Thereof. Both of these motions were filed by Torre and for his benefit, thereby tolling the speedy trial clock pending their timely resolutions. The Court heard oral arguments on both motions on January 14, 2020, and took them under advisement the same day. Judge Bordallo issued a Decision and Order on the Motion to Exclude Prior Testimony on February 7, 2020, twenty-four (24) days after taking it under advisement. After the parties advised the Court that the Motion to Exclude Bodycam Video had been resolved via stipulation, the Court issued an Order on February 10, 2020, requiring the parties to provide a written stipulated agreement which provided the terms of their agreement. The parties submitted the stipulation on February 13, 2020, thereby mooting the motion thirty (30) days after the Court took it under advisement.

As with the Motion to Dismiss, the Court resolved the motions *in limine* reasonably and diligently, thereby tolling the speedy trial clock during their pendency. Therefore, the speedy trial clock tolled from December 31, 2019, until the trial's commencement on January 10, 2020.

Additionally, it is important to note that Torre seems to misconstrue the test for when a Motion is grounds for good cause for delay. The Supreme Court of Guam has held that delay caused by the conduct of the defendant *and* delay for the defendant's benefit constitutes good cause under 8 GCA § 80.60(b)(3). *Nicholson*, 2007 Guam 9 ¶ 14 (emphasis added). Thus, as long as any decision that the Court takes under advisement is clearly for the defendant's benefit, there is good cause for delay under 8 GCA § 80.60(b)(3).

Torre contends in his filings that the content of the Motion *in limine* was to the People's benefit, as it concerned the People's previous Notices of intent to use prior testimony and potentially unavailable witnesses. On December 13, 2019, the People filed a Notice of Intent to Use Prior Trial Testimony. On December 16, 2019, three days after the People's filing, Torre filed a Notice of Intent to Use Prior Trial Testimony. The purpose of both of these filings was to put the opposing party and the Court on notice of potential evidentiary issues, and to allow the opposing party to object to the introduction of such evidence in a motion *in limine*. Torre did object on December 31, 2019, asking the Court to decide whether certain evidence should be admitted in Court - a question that inherently works for the benefit of Torre. If the Court decided, applying the facts to the law, that the prior testimony that the People intended to use should be excluded, that would clearly be to Torre's benefit. The same analysis would have been used if the People objected to Torre's Notice of Intent to Use Prior Trial Testimony. Thus, while the content of the Motion *in limine* may have originated from the People's filing of said

Notice, any delay caused by the Notice and subsequent Motion *in limine* challenging the Notice was for Torre's benefit. Thus, under 8 GCA § 80.60(b)(3), at all relevant time periods, there was good cause for delay. The Court finds that the good cause is clear from the face of the record.

### 3. Judge Bordallo's timeline of involvement in the matter

Finally, it is imperative for the Court to once again detail Judge Bordallo's timeline of involvement in this matter, specifically when it ended in relation to this Court's continuation of the matter. Judge Bordallo indicated in his January 8, 2020 memorandum that he would likely be retiring from the Superior Court, though he did not have an official date at the time. He indicated the same to the parties on January 9, 2020. After notifying all relevant parties of this inevitable departure, Judge Bordallo still held oral arguments on Torre's Motion to Exclude Prior Testimony on January 14, 2020. He issued his Decision and Order on that Motion on February 7, 2020, twenty-four (24) days after he took the Motion under advisement. By that time, this Court had already held a Status Hearing in this matter on February 4, 2020.

The Court does not agree with Torre that there was no action in this matter during the relevant time periods. A timeline of Judge Bordallo's final actions in the matter indicate that he was actively involved in matters which were intended to benefit Torre when this Court was assigned the matter, as well as when this Court held a Status Hearing in the matter. On the contrary, Judge Bordallo's actions highlight his intention to make the transition of this asserted criminal matter as smooth as possible given the unforeseen events he encountered near the beginning of January. Thus, at all relevant periods, there was good cause for delay, and a judge was simultaneously working to resolve matters raised by Torre. Nothing in the record indicates otherwise, therefore nothing in the record indicates a violation of the Speedy Trial Act.

## CONCLUSION

Applying these principles to the facts at hand, the Court holds that the speedy trial clock began when Torre was arraigned on October 8, 2019, but immediately tolled due to the filing of Torre's first Motion to Dismiss. On November 25, 2019, the Court resolved the Motion to Dismiss and the clock then ran from that date until December 31, 2019, when Defendant filed a Motion *in limine* to Exclude Prior Testimony (36 days elapsed). Torre's Motion *in limine* to Exclude Prior Testimony, along with his Motion *in limine* to Exclude Bodycam Footage, tolled the speedy trial clock until January 10, 2020, when the Court began the voir dire process.

The speedy trial clock thus ran for thirty-six (36) days between arraignment and the beginning of trial. Torre is not confined, so his trial needed to commence within sixty (60) days pursuant to 8 GCA 80.60(a)(3).

Additionally, the Court finds that there was good cause for delay due to the unforeseen circumstances of Judge Bordallo's upcoming retirement, the Conference in Saipan, the disqualification of multiple judges, the disqualification of multiple jurors, and pending Motions filed by Torre that were under advisement during the relevant time period. Despite there being good cause, the record indicates that Judge Bordallo was still actively involved in the resolution of the matter during the period when Torre argues the Court caused undue delay. The Court finds that Judge Bordallo was acting in the best interest of judicial efficiency based on his actions between January 8, 2020, and February 7, 2020. The goal, in the eyes of this Court, was always to make the transition of this matter from one Court to another as fair and just to all relevant parties, particularly Torre, as possible. Torre, either in his Motion or supporting evidence, does not point towards any alternate motive on behalf of the Court.

For the reasons set forth above, the Court **DENIES** Torre's Motion to Dismiss With Prejudice.

SO ORDERED, this _____ day of _____ MAY 0 5 2020 _____ 2020.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

Abi J. Arruda

Date: 3/5/20 Time: 4:50

Deputy Clerk, Superior Court of Guam